**HECKMAN & CO., Inc., v. I. S. DAWES & SON CO., Inc.**

(Court of Appeals of District of Columbia. Submitted February 9, 1926. Decided April 5, 1926.)

No. 4310.

**1. Trusts ⬤⇒63¾—Purchaser of cider held not entitled to recover of manufacturer, under trust fund theory, portion of purchase price paid by manufacturer under mistaken belief that it was subject to tax, which tax was later refunded (Revenue Act 1918, § 628 [Comp. St. Ann. Supp. 1919, § 6161½d]).**

Purchaser of cider from manufacturer, who, due to mistake of law, added 10 per cent. to purchase price and in turn paid 10 per cent. tax under Revenue Act 1918, § 628 (Comp. St. Ann. Supp. 1919, § 6161½d), on refund of such tax to manufacturer, held not entitled to recover amount so refunded from manufacturer, on theory that it constituted a trust fund.

**2. Taxation ⬤⇒538.**

Taxes voluntarily paid cannot be recovered back, and payments with knowledge and without compulsion are voluntary.

**3. Payment ⬤⇒84(4)—Purchaser of cider held not entitled to recover of manufacturer, as money paid under mistake of law, amount of refunded tax, which was added to purchase price (Revenue Act 1918, § 628 [Comp. St. Ann. Supp. 1919, § 6161½d]).**

Purchaser of cider from manufacturer, who through mistake of law added 10 per cent. to selling price and paid 10 per cent. tax under Revenue Act 1918, § 628 (Comp. St. Ann. Supp. 1919, § 6161½d), on refund of such tax to manufacturer, held not entitled to recover it as money paid under a mistake of law.

Appeal from the Supreme Court of the District of Columbia.

Suit by Heckman & Co., Incorporated, against the I. S. Dawes & Son Company, Incorporated. From a decree dismissing the bill, plaintiff appeals. Affirmed.

Morris Simon, L. Koenigsberger, and Eugene Young, all of Washington, D. C., for appellant.

Levi Cooke and G. R. Beneman, both of Washington, D. C., and William W. Armstrong, of Rochester, N. Y., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a decree in the Supreme Court of the District, dismissing plaintiff's bill, seeking recovery of money alleged to have been paid under a mistake of law. The averments of the bill are in substance as follows: The Commissioner of Internal Revenue promulgated a regulation construing section 628 of the Revenue Act of 1918 (40 Stat. 1116 [Comp. St. Ann. Supp. 1919, § 6161½d]) as imposing upon manufacturers of cider a tax equal to 10 per cent. of the price for which sold. As such a manufacturer, defendant paid to the United States 10 per cent. of the price for which its cider was sold. Defendant sold a quantity of cider to the plaintiff, and added to the selling price the 10 per cent. thus paid to the United States. In Sterling v. Casey (C. C. A.) 294 F. 426, it was ruled that the act of 1918 did not authorize the imposition of a tax on ci-

der, and this decision was acquiesced in by the Treasury Department. Thereupon defendant sought and obtained a refund of the cider tax paid by it. Plaintiff then unsuccessfully sought a refund from the defendant of the 10 per cent. involved. The bill alleges that the plaintiff "was compelled to pay said tax to the defendant, as otherwise the defendant would not have sold cider to the National Beverage Company [plaintiff], and all other manufacturers took the same position. The National Beverage Company was forced to pay said tax or else to forego dealing in cider, which was a large and profitable portion of its business." It is further alleged that the money refunded to the defendant "constitutes a trust fund for the benefit of the plaintiff. to the extent that it represents taxes paid by the National Beverage Company to the defendant."

The defendant, appellee here, contends that no trust relationship has been made to appear; that this merely is an attempt to obtain a decree for the payment of money. and hence that the suit should have been on the law side. Should we remand the case, with permission to transfer it to the law side, the right of plaintiff to recover would depend on the facts here appearing. It is apparent, therefore, that plaintiff's right of recovery, whether at law or in equity, may be determined now, and unnecessary delay and expense avoided.

[1] The Revenue Act of 1918, as construed by the Treasury Department, imposed a tax on the manufacturer, not the dealer. The defendant, as such manufacturer, paid this tax. In selling to the plaintiff, it added to the selling price the amount of the tax, which plaintiff voluntarily paid in order to continue "dealing in cider, which was a large and profitable portion of its business." Defendant paid no tax for the plaintiff but for itself. The sale to the plaintiff was not induced by misrepresentation as to law or fact, nor was it the result of undue influence on the one side and undue confidence on the other. The payment of this 10 per cent. by the plaintiff, therefore, was the result of nothing more than a mistake of law, and such a situation presents no ground for equitable relief. Jordan v. Stevens, 51 Me. 78, 81 Am. Dec. 556; Grant v. Giuffrida, 50 App. D. C. 28, 267 F. 330.

[2, 3] It is equally clear from what we have said that the defendant would be in no better position in an action at law, for "the rule is firmly established that taxes voluntarily paid cannot be recovered back, and payments with knowledge and without compulsion are voluntary." Chesebrough v. United States, 192 U. S. 253, 259, 24 S. Ct. 262, 264 (48 L. Ed. 432); Detroit Edison Co. v. Wyatt (C. C. A.) 293 F. 489. See also, Erkens v. Nicolin, 39 Minn. 461, 45 N. W. 567; Lamborn v. Dickinson County Comrs., 97 U. S. 181, 24 L. Ed. 926. In Kastner v. Duffy-Mott Co., 125 Misc. Rep. 886, 213 N. Y. S. 128, the facts were identical with those here, and the court said:

"Plaintiffs seek in this action to recover from the defendant the amount of the 10 per cent. tax which was included in the price they paid. The tax, however, under the law, was in no event payable by plaintiffs, but only by the manufacturer; that is, the defendant. There was no tax, or claim of tax, against the plaintiffs. The plaintiffs did not pay the money under duress. There was no governmental claim made against the plaintiffs, and the cases cited by the latter, holding the right to recover for a tax paid under the belief that it was valid when in fact it was void, are not in point. The payment was not made under a mistake of fact. Both parties knew of the enactment of the law. The defendant made the purchase price of the cider greater because of its belief that it had to pay the tax to the government; but, nevertheless, the plaintiffs merely paid the price which the defendant demanded for its goods. Plaintiffs make no claim of any agreement that the defendant was to repay the 10 per cent. in the event that the cider should be held not to be taxable. Under such circumstances, the plaintiffs may not recover."

The decree is affirmed, with costs.

Affirmed.