GRAHAM, Judge,
delivered the opinion of the court:
The plaintiff was a manufacturer and seller of certain so-called soft drinks and beverages. Sales were made to the retail trade, who were informed by the salesmen that the price of plaintiff’s product would not be increased on account of the beverage tax imposed by the revenue act of 1918, but that the price would remain the same as before the act was passed. Plaintiff’s customers understood that *255 it would pay the tax on beverages, and that they would not be billed therefor. During the period involved in the instant case the plaintiff received $2,475,031.44 from sales and paid to the collector of internal revenue 10 per cent thereof. This suit is brought to recover the sum of $22,500.03, with interest, upon the ground that in paying 10 per cent on the amount received from sales under the aforesaid arrangement with its customers it had paid a tax on a tax, and that the price at which its product was sold was not the price actually received from its customers, but that sum less the tax paid; that the product having been sold for $8, the 10 per cent tax paid amounting to 80 cents, the price the plaintiff received for its product was $7.20, and that it was only liable to pay a tax of 10 per cent on this latter sum.
The statute provides that the manufacturer shall pay “ ten per centum of the price for which [the product is] so sold.” The question involved is: What shall be taken as the selling price, the sum actually received or another sum less the tax paid ?
The plaintiff contends that if the tax is levied upon the sum received it is being taxed upon a tax; that it pays not only a tax upon the sum received for its product but also upon the tax paid on it. The defendant, on the other hand, contends that the “ price ”* at which sold means what it says; that is, the sum actually paid by the buyer to plaintiff, the price which the plaintiff on its contract with the purchaser could collect from the purchaser. In the case of the J. Hungerford Smith Grape Juice Co., 63 C. Cls. 140, decided February 14,1927, this court, in passing upon the question whether goods sold with a discount of 2% on the price if paid within 10 days were to be taxed on the billing price or the price less 2% where the bill had been paid within 10 days, held that the manufacturer was only liable for tax on the price fixed by the agreement between the parties, and paid to'the manufacturer. The price was not determined until the buyer elected to pay in 10 days.
Plaintiff says in effect: “ I billed the goods at $8, but I paid a tax of 80 cents, which is more than I should have paid, because as $8 embraced the tax, the tax being 10 per *256 cent, the amount that I actually received could only be ascertained by dividing $8 by 110, or $7,263+, and the tax on this sum would be $0,726+, and as 80 cents was paid I have overpaid my tax by the difference between the last-named sum and $0,726+.”
The regulation of the Commissioner of Internal Revenue allowed the plaintiff to either add the tax to the selling price or, if it intended, as in this case, to pay the tax, to bill the goods with the price and the tax stated separately, and of this regulation the plaintiff must be visited with notice. It was a reasonable regulation and intended to save time, labor, and complications on the part of both the Government and plaintiff. The plaintiff did not observe the regulation. It billed the goods at $8, received that amount in payment therefor, and paid the tax upon this basis during six months of 1919, and for the years 1920 and 1921; in all, 30 months. It is evident that plaintiff thought that the tax was to be levied upon the price at which it sold the goods and which the customer paid therefor, and we think it reached the right conclusion.
The petition should be dismissed, and it is so ordered.
Moss, Judge.; Booth, Judge; and Campbell, Chief Justice, concur.
Hat, Judge, absent.