## BUNKER HILL COUNTRY CLUB v. UNITED STATES.

### No. 42005.

Court of Claims.

March 4, 1935.

Arnold R. Baar and Herman T. Reiling, both of Chicago, Ill. (KixMiller, Baar & Hoffman, of Chicago, Ill., on the brief), for plaintiff.

Fred K. Dyar, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

■ The motion for new trial is based upon the provision of the statute (Revenue Act 1928, § 413 (a) (1), 26 USCA § 872 (a) (1), which imposes a tax of "10 per centum of any amount paid—(1) As dues or membership fees to any social, athletic, or sporting club or organization, * * *" and it is said that the dues taxed in this case were not paid to any club or organization but to the plaintiff corporation, which was not connected with any organization of the members except in a purely commercial way. This is contrary to the facts as to the matter of payment. The members in one sense paid the tax to the corporation, but not in such a sense as to give the corporation any ownership thereof. On the contrary, the tax on the dues was paid to the corporation merely as an agent to remit the amount so paid to the government. The findings show that the plaintiff "collected" the tax, entered it on its books under a separate account as payable to the United States, and remitted the same to the collector. Whatever view we may take of the relation of the club members to the corporation, no tax on the dues was paid by the corporation out of its own funds, and no cause of action accrued to it against the government.

■ What we have said above is sufficient to dispose of the case, but it should not be inferred therefrom that we consider that the statute imposing the tax has no application thereto. On the contrary, we think the provisions of the statute were intended to apply to such cases as we are now considering.

In Congressional Country Club v. United States, 44 F.(2d) 266, 71 Ct. Cl. 161, we held that the tax was imposed on the enjoyment of a privilege, and to the same effect is the decision in Wild Wing Lodge v. Blacklidge, Collector (C. C. A.) 59 F.(2d) 421. It is payable by the members of the organization without assessment. If we were to consider the provisions with reference to the levy of the tax alone, the language would seem to lend some force to the contention of plaintiff, but in another part of the act it is provided that "every person [corporation] receiving any payments for such admission, dues or fees shall collect the amount of the tax imposed * * * from the person making such payments * * * and pay the taxes so collected to the collector of the district." Revenue Act 1928, § 414 (a), 26 USCA § 873 (a). The two provisions must be taken together in ascertaining the intent of Congress, and, when this is done, we are clear that the intention was to impose the tax under the circumstances shown to exist in the case at bar.

It follows that the motion for new trial must be overruled, and it is so ordered.