## CITY BAKING CO. v. CASCADE MILLING & ELEVATOR CO.

### No. 1377.

District Court, D. Montana.
Sept. 23, 1938.

Church & Jardine, of Great Falls, Mont., for plaintiff.

Freeman, Thelen & Freeman, of Great Falls, Mont., for defendant.

PRAY, District Judge.

The demurrer by the defendant to the complaint in the above entitled cause was submitted to the court under Rule 40(2), Rules of Civil Procedure for District Courts, 28 U.S.C.A. following § 723c, with defendant's brief.

From the record it appears that no brief has ever been filed by plaintiff. The court has considered the complaint, and the exhibits attached, in connection with the demurrer and brief of defendant. The demurrer consists of paragraphs (1), to the effect that the complaint does not state facts sufficient to constitute a cause of action, and paragraphs (2) to (5) inclusive, to the effect that the complaint is ambiguous, indefinite and uncertain in certain particulars therein designated.

Counsel for defendant abandons the objections set forth in the last four paragraphs of his demurrer and relies solely upon the first paragraph, which, in the opinion of the court is sufficient in point of law.

In brief, the complaint alleges that the defendant was engaged in the business of manufacturing flour and other products from wheat and selling to the bakers and other purchasers; it then refers to the Agricultural Adjustment Act, 48 Stat. 31, under which regulations were adopted imposing a tax on all domestic processors of wheat, and that the defendant added the sum of $1.38 per barrel of flour for the purpose of collecting a sum of money sufficient to pay the processing tax so levied upon the defendant and other mills. Subsequently the tax was held to be illegal, and the plaintiff now seeks to recover from the defendant the amount of the tax which the latter was not obliged to pay, but which had been added to the purchase price and passed on to plaintiff, who now believes that the amount of the tax should be returned to him, and this appears to have been a reasonable supposition since plaintiff paid the tax in increased price of flour, but unfortunately for plaintiff the weight of authority seems to be the other way. In this case the tax was imposed upon the defendant Milling Company, as appears from the complaint herein. There is annexed to the complaint a contract under which plaintiff alleges the flour was purchased, and the paragraph referring to taxes found in the contract reads as follows: "Taxes: The prices named in this contract include the processing taxes as now imposed by the United States on the processing of the commodities used in the manufacture of the products covered by this contract, and the containers thereof, excepting millfeed containers, pursuant to the Agricultural Adjustment Act now in effect, but do not include any increase in such taxes which may become effective after the date of this contract, or any taxes hereafter imposed on the sale or distribution of the products covered by this contract, or the commodities used in the manufacture thereof, or containers thereof, or any similar tax, charge or imposition hereafter levied or imposed by or pursuant to any state legislation; and if any increase in the processing taxes as now imposed shall become effective, or any other such tax shall be imposed, while any portion of the commodities covered by this contract remain unshipped, the amount thereof shall be paid by the Buyer in addition to the

contract prices herein specified, provided that no such increase in the processing tax imposed by the United States on wheat shall be added to the price of feeds for feeding livestock. If any such tax, charge or imposition or increase thereof shall be measured per bushel of grain the amount of the tax to be added to the price of any product produced from such grain shall be computed according to the conversion factor established for such product by the Secretary of Agriculture. Any decrease in the processing taxes as now or hereafter imposed by any legislative or administrative branch of the United States shall inure to the benefit of the Buyer, if as and when the benefit of such decrease has been actually realized and secured by the Seller, and shall be credited against the contract prices named in this contract to the extent—and only to the extent, that the grain used in the manufacture of the product covered by this contract is milled after the decrease in the processing tax takes effect, and to the extent that the Seller is hereby definitely relieved from the processing tax; provided that no such decrease shall be credited on the prices of feeds for feeding livestock. If any such decrease shall be measured per bushel of grain the amount of the tax to be deducted from the price of any product produced from such grain shall be computed according to the conversion factor established for such product by the Secretary of Agriculture."

The prices named in the contract included the processing tax then imposed by the government. The amount of these taxes remained the same during the existence and application of the statute and regulations, as shown by the complaint. Many cases have been cited clearly indicating that plaintiff is barred from recovery under the facts disclosed by the complaint, and one closely in point is Heckman & Co., Inc., v. Dawes & Son Co., Inc., 56 App. D.C. 213, 12 F.2d 154, wherein plaintiff purchased a quantity of defendant's cider with the tax figured and absorbed in the price paid; he sought a refund from defendant of the ten percent involved; he sought to have the money refunded to defendant by the government impressed with a trust for the benefit of the plaintiff, to the extent of taxes paid by the latter to the defendant. In that case the court held [page 155]: "Plaintiffs seek in this action to recover

from the defendant the amount of the 10 per cent. tax which was included in the price they paid. The tax, however, under the law, was in no event payable by plaintiffs, but only by the manufacturer; that is, the defendant. There was no tax, or claim of tax, against the plaintiffs. The plaintiffs did not pay the money under duress. There was no governmental claim made against the plaintiffs, and the cases cited by the latter, holding the right to recover for a tax paid under the belief that it was valid when in fact it was void, are not in point. The payment was not made under a mistake of fact. Both parties knew of the enactment of the law. The defendant made the purchase price of the cider greater because of its belief that it had to pay the tax to the government; but, nevertheless, the plaintiffs merely paid the price which the defendant demanded for its goods. Plaintiffs make no claim of any agreement that the defendant was to repay the 10 per cent. in the event that the cider should be held not to be taxable. Under such circumstances, the plaintiffs may not recover." Other cases that appear to be in point are as follows: Kastner et al. v. Duffy-Mott Co., Inc., 125 Misc. 886, 213 N.Y.S. 128; Lash's Products Co. v. U. S., 278 U.S. 175, 49 S.Ct. 100, 73 L.Ed. 251. The complaint does not show whether plaintiff passed on to its customers the added cost by reason of the tax, or whether prior to the beginning of the suit a refund was made to its customers of the increased cost resulting from the processing tax, and so far as the complaint discloses payments were voluntarily made, and there appears to have been no claim on the part of plaintiff of fraud, duress or mistake, and no concealment of the pertinent facts here involved.

Plaintiff might have declined to enter into the contract knowing that the tax was added to the price of the flour. Payments were made with knowledge and without compulsion. Shell Oil Co. v. Cy Miller, Inc., 9 Cir., 53 F.2d 74; D. V. Johnson, doing business as Tennessee Grain Company, v. Scott County Milling Co., Inc., D.C., 21 F.Supp. 847.

Wherefore, the court being duly advised, and good cause appearing therefor, the said demurrer, and particularly the first ground thereof, is hereby sustained.