MATTINGLY *et al. v.* G. B. R. SMITH MILLING Co.

(Division A. Nov. 28, 1938.)

[184 So. 635. No. 33323.]

William Haralson and S. A. Hall, both of Hattiesburg, for appellants.

George W. Currie, of Hattiesburg, William H. Oppen-
heimer and Montreville J. Brown, both of St. Paul, Minn.,
for appellee.

508

**Griffith, J.,** delivered the opinion of the court.

At intervals during the year 1934, appellants purchased from appellee an aggregate of 1205 barrels of flour. A processing tax of $1.38 per barrel, amounting to a total of $1662.90, was imposed under the so-called Agricultural Adjustment Act, 7 U. S. C. A. section 601 et seq., and was paid by appellee to the federal government. After that Act was declared unconstitutional, appellee filed its claim for the recovery of the processing tax so paid, but no part thereof has been refunded to appellee.

Appellants made several remittances on the purchases but failed to pay a balance of $341.50, for which balance appellee instituted its action at law. Appellants filed a set-off for the said sum of $1662.90, averring that appellee had wrongfully added that amount to the sales price of the flour, and was liable to appellants as for money had and received. On the trial, the court disallowed the set-off, and this appeal is taken from that action.

The record shows that all the flour was sold to appellants at a flat or total or composite stated price per barrel, not at a certain price per barrel, plus the processing tax of $1.38. In so far as the tax may have been taken into consideration at all in fixing the sales price, it was

indistinguishably incorporated into, and absorbed along with, all the other items of cost or expense which went to make up the total sales price per barrel; and it is now thoroughly well settled that when the tax item or any other item has been indistinguishably intermingled or absorbed in a total or composite stated price to be paid on delivery of the purchased article, the buyer is without remedy, though the annulment of the tax may increase the profit of the seller.

The result in such a case is the same as if the seller in fixing his delivery sales price had calculated the cost of wheat to him at $1.50 per bushel, and it later turned out that he got the wheat at $1 a bushel. When the buyer would claim a draw-back out of what would otherwise appear as a flat sales price, he must see to it that his right to such a claim is expressly made a part of the contract,—failing in which the court cannot insert such a provision for him. Wayne County Produce Co. v. Duffy-Mott Co., 244 N. Y. 351, 155 N. E. 669; Heckman & Co. v. I. S. Dawes & Son Co., 56 App. D. C. 213, 12 F. (2d) 154; Texas Co. v. Harold, 228 Ala. 350, 153 So. 442, 92 A. L. R. 523; Golding Bros. Co. v. Dumaine, 1 Cir., 93 F. (2d) 162, 115 A. L. R. 664; Zinsmaster Baking Co. v. Commander Milling Co., 200 Minn. 128, 273 N. W. 673; Cohen v. Swift & Co., 7 Cir., 95 F. 2d 131, and many others.

Affirmed.