**TWENTIETH CENTURY SPORTING CLUB, Inc., v. UNITED STATES.**

No. 44650.

Court of Claims.

Oct. 7, 1940.

Melvin D. Hildreth, of Washington, D. C. (Hildreth, Mason & Mander, of Washington, D. C., on the brief), for plaintiff.

Hubert L. Will and Samuel O. Clark, Jr., Asst. Atty. Gen. (Joseph H. Sheppard, Robert N. Anderson, and Fred K. Dyar, all of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and WHITAKER, LITTLETON, and GREEN, Judges.

WHITAKER, Judge.

On June 25, 1935, August 2, 1935, and October 3, 1935, the plaintiff held three boxing bouts. The tickets for each of these bouts listed the "established price" at certain figures, which included the New York State admission tax. The federal tax was computed on this price, the amount thereof was shown on the ticket and was paid by the purchaser of the ticket, and thereafter was duly remitted by the plaintiff to the defendant. The plaintiff claims that the Federal tax was improperly computed, in that it was computed on the admission price plus the New York State tax, and hence it says that the Federal admission tax has been overpaid. It sues to recover on the theory that it bore the burden of the tax.

The defendant defends on two grounds: (1) that the plaintiff was merely the collector of the tax, and not the taxpayer and, therefore, whether or not the taxes were overpaid, the plaintiff is not entitled to recover; and (2) that the Federal tax was correctly computed anyway.

We think it necessary to consider only the first of these two propositions.

Section 711(a) of the Revenue Act of 1932, 47 Stat. 169, 271, Chapter 209, 26 U. S.C.A.Int.Rev.Acts, page 627, amends section 500(a) (1) of the Revenue Act of 1926 to read in part as follows: "A tax of 1 cent for each 10 cents or fraction thereof of the amount paid for admission to any place, including admission by season ticket or subscription, to be paid by the person paying for such admission; * * *."

However the tax may have been computed, it was paid as the law demanded "by the person paying for such admission." The Federal tax was shown separately on the ticket; for instance, on a $11.50 ticket, the price of admission, including the State tax, was shown to be $10.45, and the Federal tax was shown separately to be $1.05,

making the total amount to be paid $11.50. The purchaser of the ticket paid $10.45 for admission and State tax, and $1.05 for the Federal admission tax. This $1.05 was merely collected by the plaintiff, and by it transmitted to the defendant. This being true, it would appear that only the person paying the tax would be entitled to recover it, unless the plaintiff is entitled to recover because it bore the burden of the tax.

Plaintiff insists that it could not have demanded more than $11.50 for this class of ticket, that it could not increase the price thereof to take care of the excess Federal tax, and, therefore, that it in reality bore the burden of the tax. It says it would not have been practical, for instance, to have charged $11.54 for the ticket in order to take care of the excessive amount of admission tax and that, therefore, it was deprived of 4 cents which it otherwise would have retained if the Federal tax had been correctly computed. Plaintiff, however, admits that in some bouts it did charge odd cents for its tickets, and there is no showing that it was impossible for it to have done so in this instance. It merely elected not to do so in order to save itself the annoyance and delay of being compelled to deal in odd cents. In other words, the proof shows that the plaintiff was not compelled to bear the burden of the tax, but rather that it elected to do so.

■ But even though the plaintiff had in fact borne the burden of the tax, it nevertheless was not the taxpayer; no taxes were exacted from it by the defendant and there is, therefore, no right given to it under the law to recover. In Lash's Products Co. v. United States, 278 U.S. 175, 49 S.Ct. 100, 73 L.Ed. 251, a soft drink manufacturer claimed that it had passed on to the purchaser a tax levied on the manufacturer of soft drinks, and, therefore, that the purchaser was in fact the taxpayer. The Court said: " * * * The phrase 'passed the tax on' is inaccurate, as obviously the tax is laid and remains on the manufacturer and on him alone. Heckman & Co. v. I. S. Dawes & Son Co., 56 App.D.C. 213, 12 F.2d 154. The purchaser does not pay the tax. He pays or may pay the seller more for the goods because of the seller's obligation, but that is all. * * *"

So in the case at bar. Whether or not the plaintiff received less for the admission to the bout than it otherwise would have received had the tax been properly computed, nevertheless, it was the purchaser of the ticket who paid the tax and, therefore, it is only he who has the right to maintain an action to recover. See also the opinion of this court on motion for a new trial in Bunker Hill Country Club v. United States, 9 F.Supp. 52, 10 F.Supp. 159, 80 Ct.Cl. 375, 385, certiorari denied, 296 U.S. 583, 56 S.Ct. 94, 80 L.Ed. 412.

■ If plaintiff has any right of action at all it is one sounding in tort, and it, of course, has no such right of action against the United States in the absence of special legislation.

It results that plaintiff's petition must be dismissed. It is so ordered.