International Milling Company, Appellee, v. Illinois Doughnut and Cake Company, Appellant.

Gen. No. 42,570.

Opinion filed September 27, 1943.

Henry E. Ayers and Weightstill Woods, both of Chicago, for appellant.

Allen & Darlington, of Chicago, for appellee; Glynn J. Elliott, of Chicago, of counsel.

Mr. Justice Niemeyer delivered the opinion of the court.

In an action for the price of flour, defendant admitted liability of $1,000 for flour received in the latter part of 1936, and filed a counterclaim for $2,735.16, representing the processing tax under the Agricultural Adjustment Act of 1933 on flour received and paid for by defendant before the act was declared unconstitutional on January 6, 1936. The trial court found against the defendant on the counterclaim and entered judgment against it for $1,000. Defendant appeals.

The flour on which the processing tax is sought to be recovered was sold under contracts having identical provisions relating to federal taxes. The parts material in this case are: ". . . the purchase price named herein includes the present Federal tax (if any) on the processing of the commodities used in manufacturing the product (or products) covered by this contract . . . any decrease (during the life of this contract) in the said present Federal processing tax shall be credited by Seller to Buyer herein, when, as and if Buyer makes payment to Seller of the purchase price named herein but only to the extent that the grain used in manufacturing the product (or products) embraced herein is milled after the decrease in said present processing tax becomes effective and that Seller herein is thereby relieved in whole or part from payment of such processing tax."

The contracts contain provisions for an increase in the selling price to cover any increases in the federal tax or the imposition of new taxes, the details of which are immaterial in this case. The sales prices ranged

from $5.90 to $7.25 per barrel, without designating any part of the price as or for a tax and without any additions to that price for a tax. Defendant alleged and the testimony tended to prove that defendant did not pass the tax on to its customers but absorbed and paid it, neither increasing its prices nor lessening its product in quantity or quality. There is no charge of fraud or mutual mistake.

The questions involved have been decided in *Noll Baking & Ice Cream Co. v. Sparks Milling Co.*, 304 Ill. App. 624, an action at law to recover processing taxes on flour sold under contracts containing substantially similar provisions as to federal taxes as in the instant case. The complaint was dismissed and recovery denied in the trial court. That judgment was affirmed. The only difference in the two cases is that in the *Noll* case the complaint contained no allegation that the tax was not passed on and borne by plaintiff's customers. In speaking of the right to recover, the court said (629, 630): "While the question of the recovery back of processing taxes has apparently never been passed upon by a court of last resort in Illinois, in the final analysis, this is but an old principle dressed in a new garb, the fundamentals are the same. In a well-considered case in this State, it has been held that where the parties to a contract have completely performed, even though the price paid was greater because of a mistake of law, there can be no recovery. *Illinois Glass Co. v. Chicago Telephone Co.*, 234 Ill. 535. More specifically, where taxes are voluntarily paid, the courts will not permit a recovery thereof if it appears that the burden was shifted by the taxpayer to others. *Richardson Lubricating Co. v. Kinney*, 337 Ill. 122. There is no allegation in plaintiffs' complaint that the tax was not passed on and borne by their customers." The failure to allege that the tax was not passed on to the customers could have no material bearing on the decision reached. Examination of the *Richardson*

*Lubricating* case, cited in the opinion, shows that the passing of the motor fuel tax there involved onto the customers was merely an additional ground for denying relief. Before considering that question the court said (129) : "The only fair conclusion that can be reached from the allegations of the bill and answer and the legitimate inferences to be drawn therefrom is that the payment was made voluntarily and not under duress. It is well settled that in the absence of fraud taxes so paid cannot be recovered, even though they are illegal because laid under an unconstitutional law, where there is no statute authorizing such recovery. (*Elston v. City of Chicago,* 40 Ill. 514; *Yates v. Royal Ins. Co. supra; Board of Educacation v. Toennigs,* 297 Ill. 469.) No fraud is charged in the bill, and the answer avers that the defendants were advised and believed that the act was valid. It is not claimed that a recovery is authorized by statute." The court then added that, it appearing plaintiff had collected the tax from its customers but had not returned or offered to return the amount collected, plaintiff did not come into court with clean hands and was not entitled to the equitable relief of an injunction restraining the Director of Finance from paying to the State Treasurer and the Treasurer from receiving the taxes collected from plaintiff. The principle stated above is the general rule governing voluntary payment of taxes assessed under unconstitutional laws.

In the *Noll* case the court discussed a number of decisions in other States and in the federal courts. It held that the rights of plaintiff were based upon the contracts, and said (632) : "In the instant case there is no claim of fraud, or mutual mistake, the parties were dealing at arms' length, and expressly provided for any increase or decrease, or abatement of this tax, but made no provision whatsoever, for the law under which the tax was levied being nullified by the pro-

nouncement of the courts. It is not the province of the courts to add to contracts of parties, elements which they did not themselves provide, nor to protect one of the contracting parties against a subsequent contingency, which would have been advantageous to him, had he but foreseen it." The contracts in the case at bar do not provide for the contingency of the Agricultural Adjustment Act being declared unconstitutional. Furthermore, the provision for the decrease in federal taxes does not cover the refund of taxes paid prior to the decrease, but is applicable only to deliveries and payments after the decrease becomes effective, and then only as a credit on the contract price. Repayment of taxes already paid is precluded.

Recovery of processing taxes in legal and equitable actions upon contracts essentially similar to those in the present case has been denied in the following cases. *Johnson v. Igleheart Bros., Inc.*, 95 F. (2d) 4; *Consolidated Flour Mills v. Ph. Orth Co.*, 114 F. (2d) 898; *Moundridge Milling Co. v. Cream of Wheat Corp.*, 105 F. (2d) 366; *Continental Baking Co. v. Suckow Milling Co.*, 101 F. (2d) 337; *Golding Bros. Co., Inc. v. Dumaine*, 93 F. (2d) 162; *G. S. Johnson Co. v. N. Sauer Milling Co.*, 148 Kan. 861; *Mattingly v. G. B. R. Smith Milling Co.*, 183 Miss. 505; *O'Connor-Bills, Inc. v. Washburn Crosby Co.*, 20 F. Supp. 460; *Johnson v. Scott County Milling Co., Inc.*, 21 F. Supp. 847; *City Baking Co. v. Cascade Milling & Elevator Co.*, 24 F. Supp. 950. These decisions represent the prevailing view. Our attention has been called to but two cases which we consider analogous to the present case, holding a contrary view. *Smith v. Sparks Milling Co.*, 219 Ind. 576, and *United States v. American Packing & Provision Co.* (10 Cir.), 122 F. (2d) 445. We believe the majority rule is supported by the better reasoning, and we follow it.

Plaintiff suggests that the court erred in denying its claim for $200 for flour sold Nick Thomas, doing

business as the Rainbow Doughnut Shop in 1933, payment for which plaintiff claims defendant assumed, and also in not allowing interest on the judgment. The evidence does not support the plaintiff's contention as to the Thomas account, and, as the counterclaim seems to have been urged in good faith, there is no vexatious delay in the payment of plaintiff's claim, and the judgment of the municipal court is affirmed.

*Affirmed.*

O'CONNOR, P. J., and MATCHETT, J., concur.