**DOW JONES & COMPANY, Inc.**
**v.**
**The UNITED STATES.**
**No. 273–54.**

United States Court of Claims.
Feb. 8, 1955.

was thus reduced by 40 percent, and $4,320 was refunded to Addressograph-Multigraph and by it to the plaintiff. The plaintiff, however, contends that the machines were not taxable at all, and that the entire $10,800 should have been refunded. It says that the machines were not business-and-store machines, which were taxable under Section 3406(a) (6), but were production machines and therefore not subject to the tax. It therefore sues to recover the $6,480 not already refunded to it.

The Government moves to dismiss the plaintiff's petition on the ground that the plaintiff was not the taxpayer, and therefore has no right to sue for a refund. The tax imposed by Section 3406 (a) is imposed upon the manufacturer, producer, or importer. He will, if possible, add the amount of the tax to the selling price, and thus pass on the economic burden of the tax to the purchaser. But the purchaser is not liable for the tax, and is not the taxpayer. In Lash's Products Co. v. United States, 278 U.S. 175, 49 S.Ct. 100, 73 L.Ed. 251, affirming 64 Ct.Cl. 252, the Court said:

George W. Martin, New York City, Emmet, Marvin & Martin, New York City, on the briefs, for plaintiff.

Allen A. Bowden, Washington, D. C., H. Brian Holland, Asst. Atty. Gen., Andrew D. Sharpe and Ellis N. Slack, Washington, D. C., on the briefs, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

MADDEN, Judge.

The plaintiff's petition alleges that it bought from the Addressograph-Multigraph Corporation one Model 4400 Automatic Speedaumat, or Speedaumailer, in 1948, and two in 1949. It paid $36,000 for each machine, plus a $3,600 Federal excise tax imposed by Section 3406(a) (6) of the Internal Revenue Code of 1939, as amended, 26 U.S.C.A. § 3406(a), on each machine. The taxes were paid to the vendor, which paid them to the Government. The taxes on the three machines thus amounted to $10,800.

The vendor, Addressograph-Multigraph Corporation, filed a claim for refund of the taxes which it had collected from the plaintiff. The Commissioner of Internal Revenue ruled that the tax should not have been calculated on the basis of 100 percent of the retail price, as it was calculated, but on the basis of 60 percent of the retail price. The tax

"The phrase 'passed the tax on' is inaccurate, as obviously the tax is laid and remains on the manufacturer and on him alone. * * * The purchaser does not pay the tax. He pays or may pay the seller more for the goods because of the seller's obligation, but that is all."

See also Twentieth Century Sporting Club, Inc., v. United States, 34 F.Supp. 1021, 92 Ct.Cl. 93. In Indian Motocycle Co. v. United States, 283 U.S. 570, 51 S.Ct. 601, 75 L.Ed. 1277, the Court held that because the purchaser that bore the economic burden of the federal tax was a municipal corporation, the imposition of the tax was an infringement upon the immunity of a state from federal taxation. The court did not, of course, decide that the purchaser was the taxpayer. It only made a liberal application of the doctrine of state immunity from federal taxation. And in State of Alabama v. King & Boozer, 314 U.S. 1, 62 S.Ct. 43, 86 L.Ed. 3, the Supreme Court overruled Panhandle Oil

Co. v. State of Mississippi ex rel. Knox, 277 U.S. 218, 48 S.Ct. 451, 72 L.Ed. 857, the precedent upon which the Indian Motocycle decision was based, and held that, even in the application of the doctrine of immunity of the Federal Government from state taxation, the "incidence" of the tax and not the place where the economic burden of the tax ultimately rested was the important thing.

Section 3443 of the Internal Revenue Code, 26 U.S.C.A. § 3443, provides for the refunding, in proper cases, of the manufacturer's excise tax to the manufacturer, but only if he shows that he has not passed the tax on to a purchaser, or that he has repaid the tax to the purchaser or has the written consent of the purchaser to his (the manufacturer's) obtaining the refund. See also Treasury Regulations 46 (1940 ed.), Sec. 316.204, as renumbered by T.D. 5099, 1941–2 Cum.Bull. 267. Thus the statute makes careful provision that the manufacturer should not be unjustly enriched by obtaining a refund of a tax which he has passed on, but makes no provision for the obtaining of a refund by a purchaser who has borne the economic burden of the tax.

To permit purchasers, upon claims that they bore the economic burden of taxes imposed upon and paid by their vendors, to sue for refunds would, probably, multiply tax litigation. We, of course, do not know why the plaintiff's vendor, which had paid the tax and passed it on to the plaintiff, did not bring this suit for the benefit of the plaintiff and, perhaps, other of its customers. It may have thought that the claim had no merit. Whatever its reason, we think that, under the statutory provisions which we have recited, the plaintiff has no standing to sue.

The defendant's motion to dismiss the plaintiff's petition is granted. It is so ordered.

JONES, Chief Judge, and LARAMORE, WHITAKER, and LITTLETON, Judges, concur.