SUN OIL COMPANY *v.* GROSS INCOME TAX DIVISION
OF THE STATE OF INDIANA.

[No. 29,449.  Filed April 1, 1958.]

*Robert D. Armstrong, Arthur L. Gilliom, Elbert R. Gilliom* and *Richard L. Gilliom,* all of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, *Carl M. Franceschini* and *John Z. Kepler,* Deputy Attorneys General, for appellee.

EMMERT, C. J.—This is an appeal from a judgment entered on a special finding of facts and conclusions of law that appellant was not entitled to prevail on its complaint to recover gross income taxes on Indiana sales of gasoline and lubricating oils which had been paid under protest. Appellant assigns error as to each conclusion of law.

Appellant was a New Jersey corporation qualified to and doing business in Indiana. It engaged in producing, refining, transporting and selling gasoline and lubricating oils and petroleum products, substantially all of its Indiana sales being at wholesale to service or filling stations operated by others.

In 1951, 1952 and 1953 appellant paid Federal excise taxes on gasoline sold within Indiana in the sum of $977,085.51, and on lubricating oils in the sum of $43,404.59. Its sales invoices delivered to the buyers segregated and separately itemized (a) the number of gallons sold, the sale price per gallon and the total sale price; (b) the amount of the Indiana Highway Tax on gasoline, per gallon and in total; (c) the amount

of Federal tax on gasoline or lubricating oils sold per gallon, and in total; and (d) the total amount of the three items. The appellee collected Gross Income Tax and World War II Bonus Tax on the amounts charged and received from the buyers for Federal Excise Taxes, asserting this was a part of the sales price to the buyers, and therefore constituted gross receipts received by appellant. The legality of this assessment and collection constitutes the issue to be decided by this appeal.

The applicable parts of the Federal Internal Revenue Code for the years in controversy are as follows:

"(a) There shall be imposed on gasoline sold by the producer or importer thereof, or by any producer of gasoline, a tax of 1½ cents a gallon, except that under regulations prescribed by the Commissioner with the approval of the Secretary the tax shall not apply in the case of sales to a producer of gasoline.

"(b) If a producer or importer uses (otherwise than in the production of gasoline) gasoline sold to him free of tax, or produced or imported by him, such use shall for the purposes of this chapter be considered a sale. Any person to whom gasoline is sold tax-free under this section shall be considered the producer of such gasoline.

"(c) As used in this section—

(1) the term 'producer' includes a refiner, compounder, or blender, and a dealer selling gasoline exclusively to producers of gasoline, as well as a producer." [After November 1, 1951, the rate was 2¢ per gallon.]

Sec. 3412. Tax on Gasoline [as modified by Sec. 210, Rev. Act 1940; and amended by Sec. 521(a) (20), Rev. Act 1941.]

"There shall be imposed upon lubricating oils sold in the United States by the manufacturer or producer a tax at the rate of 6 cents a gallon, to be paid by the manufacturer or producer. Every person liable for tax under this section shall register and file bond as provided in section 3412(d).

Under regulations prescribed by the Commissioner with the approval of the Secretary, no tax shall be imposed under this section upon lubricating oils sold to a manufacturer or producer of lubricating oils for resale by him, but for the purposes of this chapter such vendee shall be considered the manufacturer or producer of such lubricating oils." Sec. 3413. Tax on Lubricating Oils [as modified by Sec. 210, Rev. Act 1940; and amended by Sec. 521(a) (21), Rev. Act 1941; Sec. 608, Rev. Act 1942].

"(a) Every person liable for any tax imposed by this chapter other than taxes on importation shall make monthly returns under oath in duplicate and pay the taxes imposed by this chapter to the collector for the district in which is located his principal place of business . . . . Such returns shall contain such information and be made at such times and in such manner as the Commissioner, with the approval of the Secretary, may by regulations prescribe.

"(b) The tax shall, without assessment by the Commissioner or notice from the collector, be due and payable to the collector at the time so fixed for filing the return. . . ." Sec. 3448. Return and Payment of Manufacturers' Taxes.

"(a) In determining, for the purposes of this chapter, the price for which an article is sold, there shall be included any charge for coverings and containers of whatever nature, and any charge incident to placing the article in condition packed ready for shipment, but there shall be excluded the amount of tax imposed by this chapter, whether or not stated as a separate charge. . . ." Title 26 U. S. C. A. 3441; 53 Stat. 416.

Subsection (d) of §3412, *supra*, required every person subject to tax to register with the proper Collector of Internal Revenue, and to file a bond, conditioned, among other requirements, that he "shall pay all taxes due under such sections." During all the years involved in this appeal, the appellant had registered with the Collector of Internal Revenue at Philadelphia, and had

filed a bond with him in the sum of $30,000 as required by the Act.

This is a case of first impression in this state. Appellant relies on *Standard Oil Co.* v. *Michigan* (1937), 283 Mich. 85, 276 N. W. 908, and *Standard Oil Co.* v. *State Tax Com'r* (1941), 71 N. D. 146, 299 N. W. 447, 135 A. L. R. 1481, to sustain its position, and if we were to follow the reasoning of these precedents we should reverse the judgment. In the Michigan case, *supra*, the state imposed a sales tax measured by the gross receipts on sales at retail within the state. The Supreme Court of Michigan held that the Federal excise tax on sale of gasoline and lubricating oils sold at retail was not gross receipts to Standard Oil Co., and reasoned as follows:

> "Under the above rule, when sales are made directly from producer to consumer the sales tax attaches the instant a sale is made. In view of the fact that the Federal excise tax has not become a part of the sale price, but is a fund, which when collected is payable by the manufacturer to the Federal government. Such fund does not become a part of the 'gross proceeds' realized by the manufacturer from the sale and is not subject to taxation within the meaning of Act No. 167, Pub. Acts 1933." Pages 95, 96.

The Supreme Court of North Dakota in the State Tax Commissioner case, *supra*, followed the reasoning of the Michigan case, and held the amount paid in Federal excise tax could not be included in the state tax on motor vehicle fuels sold by a dealer.[1]

---

1. "In these circumstances it seems entirely clear that the amount of the Federal excise tax, thus collected by the seller from the buyer for payment to the Federal Government of the tax laid by it upon the sale, does not become a part of the 'gross receipts' realized by the seller from the sale within the purview of the State Sales Tax Act. The same conclusion has been reached by courts in other jurisdictions under quite similar or analogous statutes. Standard Oil Co. v. State (Mich.), supra; Socony Vacuum Oil Co. v. New York, 247 App. Div. 163, 287 N. Y.

We fail to find anything within the Federal statutes, or regulations made pursuant thereto, on producers' excise tax on gasoline and oils which in any way compels or authorizes the conclusion that the Federal tax was a *fund* to be collected from the buyers, and then to be paid to the Federal government. The statutes do not make the producer a collecting agent or fiduciary for the Government. If that were the case the fund would be held upon trust, and should be kept or deposited in a separate account. The statute does not put the tax upon the retail purchaser, but it is laid upon the producer or manufacturer. Regulation Sec. 314.3 makes a sale on credit taxable. "In the case of a sale on credit, it is immaterial whether or not the purchase price is actually collected." The general scope of the sections on the gasoline tax, the oil tax and the bond required clearly indicates the tax is to be paid by the manufacturer or producer. Whether he passes the amount on to the buyer is immaterial in determining the liability for the tax.

In *Dow Jones & Company* v. *United States* (1955), 128 F. Supp. 748, the court considered a Federal excise tax on business machines. The court there said:

"... The tax imposed by Section 3406 (a) is imposed upon the manufacturer, producer, or importer. He will, if possible, add the amount of the tax to the selling price, and thus pass on the economic burden of the tax to the purchaser. But the purchaser is not liable for the tax, and is not the taxpayer. In Lash's Products Co. v. United States, 278 U. S. 175, 49 S. Ct. 100, 73 L. Ed. 251, affirming 64 Ct. Cl. 252, the Court said;

" 'The phrase "passed the tax on" is inaccurate, as obviously the tax is laid and remains

S. 288, affirmed 272 N. Y. 668, 5 N. E. (2d) 385; Gulf Oil Corp. v. McGoldrick, Comptroller, 256 App. Div. 207, 9 N. Y. S. (2d) 544." *Standard Oil Co.* v. *State Tax Com'r* (1941), 71 N. D. 146, 152, 299 N. W. 447, 135 A. L. R. 1481.

on the manufacturer and on him alone. . . .
The purchaser does not pay the tax. He pays
or may pay the seller more for the goods because
of the seller's obligation, but that is all.'

See also Twentieth Century Sporting Club, Inc.
v. United States, 34 F. Supp. 1021, 92 Ct. Cl. 93."
Page 749.

The contention was made *In Re Tele-Tone Radio
Corp., etc.* (1955), 133 F. Supp. 739, that a Federal
manufacturer's excise tax of approximately $80,000
was a tax trust fund for the benefit of the United
States. The court denied the contention, and reasoned:
"But a series of cases have settled the principle that
this tax is laid upon the manufacturer alone. Lash's
Products Co. v. U. S., 1928, 278 U. S. 175, 49 S. Ct.
100, 73 L. Ed. 251; Biddle v. Commissioners, 1937,
302 U. S. 573, 581, 58 S. Ct. 379, 82 L. Ed. 431;
Shearer v. C. I. R., 2 Cir. 1931, 48 F. 2d 552; 123 East
Fifty-Fourth Street, Inc. v. United States, 2 Cir.
1946, 157 F. 2d 68. Nor can there be any claim that the
manufacturer is 'required' by the statute to collect this
tax from his vendees, or anyone else. Thus the tax
trust finds no basis in the statute, so far as any sums
extra the withholding tax are concerned."

In *People* v. *Werner* (1936), 364 Ill. 594, 5 N. E.
2d 238, the court considered the contention that the
Retailers' Occupation Tax of Illinois, which im-
posed a 3% tax on gross receipts of sales of
tangible personal property at retail, was uncon-
stitutional because it was based upon the retail price
of gasoline which had been increased by the imposition
of the Federal excise tax on gasoline. In determining
the tax applied to the total sale price, the court said:

". . . No excise tax is imposed upon or paid
by the retailer of gasoline. It may be true that the

Federal excise tax upon gasoline which is paid by the producer or importer is, upon its sale to the retailer, added to the cost of the product as a separate charge, in the same manner as transportation, delivery, insurance or other charges are added. The itemization of these separate charges, or any of them, in the invoices sent by the producer or importer to the retailer, does not change the fact that the producer or importer has paid the tax to the Federal government and has thereby, in effect, raised the cost of the gasoline to the retailer. The Federal excise tax has therefore made the gasoline cost one cent per gallon more to the retailer, just as import and other taxes levied by the Federal government are added to the price of cigars, cigarettes, clothing or automobiles sold by producers or importers to retailers." Page 598.

We agree with this reasoning.

We fail to see wherein *Panhandle Oil Co.* v. *Mississippi* (1928), 277 U. S. 218, 48 S. Ct. 451, 72 L. Ed. 857, 56 A. L. R. 583, or *Indian Motocycle Co.* v. *United States* (1931), 283 U. S. 570, 51 S. Ct. 601, 75 L. Ed. 1277, can be persuasive in determining the issue involved in this appeal. The Panhandle Oil Co. case decided Mississippi could not levy an excise tax of 1 cent per gallon on gasoline sold for the use of the United States Coast Guard or a Veterans Hospital at Gulfport, the majority reasoning that it was an unconstitutional burden upon the United Sates. In the Indian Motocycle Co. Case, *supra,* the court held the Federal manufacturers' excise tax was unconstitutional when levied on the sale of a motorcycle to be used by the Police Department in the City of Westfield, Mass. The court held it was an unconstitutional attempt to tax a state agency, and therefore not subject to taxation by the United States. Later cases by the same court have weakened, if not overruled the reasoning of both cases. *James* v. *Dravo Contracting Co.* (1937), 302 U. S. 134,

58 S. Ct. 208, 114 A. L. R. 318, 82 L. Ed. 155;[2] *Alabama* v. *King & Boozer* (1941), 314 U. S. 1, 62 S. Ct. 43, 86 L. Ed. 3;[3] *Esso Standard Oil* v. *Evans* (1953), 345 U. S. 495, 73 S. Ct. 800, 97 L. Ed. 1174.

The income here in dispute is within the definition of "gross income" under §64-2601(m), Burns' 1951 Replacement. Appellant was not an agent for the United States to collect the Federal excise tax on gasoline and lubricating oils within the definition in §64-2606(b), Burns' 1951 Replacement, and the amount of such Federal taxes are not exempted from the Gross Income Tax Act of this State. There is no dispute here as to the computation of the Gross Income Tax if it be held Indiana is not prohibited from taxing the gross receipts of appellant on gross sales of gasoline and lubricating oils within the state.

We fail to find the Gross Income Tax puts an uncon-

---

2. "But if it be assumed that the gross receipts tax may increase the cost to the Government, that fact would not invalidate the tax. With respect to that effect, a tax on the contractor's gross receipts would not differ from a tax on the contractor's property and equipment necessarily used in the performance of the contract. Concededly, such a tax may validly be laid. Property taxes are naturally, as in this case, reckoned as a part of the expense of doing the work. Taxes may validly be laid not only on the contractor's machinery but on the fuel used to operate it. In Trinityfarm Constr. Co. v. Grosjean, 291 U. S. 466, 78 L. Ed. 918, 54 S. Ct. 469, the taxpayer entered into a contract with the federal government for the construction of levees in aid of navigation and gasoline was used to supply power for taxpayer's machinery. A state excise tax on the gasoline so used was sustained." *James* v. *Dravo Contracting Co.* (1937), 302 U. S. 134, 160, 58 S. Ct. 208, 114 A. L. R. 318, 82 L. Ed. 155, 172.

3. ". . . So far as such a non-discriminatory state tax upon the contractor enters into the cost of the materials to the Government, that is but a normal incident of the organization within the same territory of two independent taxing sovereignties. The asserted right of the one to be free of taxation by the other does not spell immunity from paying the added costs, attributable to the taxation of those who furnish supplies to the Government and who have been granted no tax immunity. So far as a different view has prevailed, see Panhandle Oil Co. v. Knox, supra; Graves v. Texas Co., supra, we think it no longer tenable." *Alabama* v. *King & Boozer* (1941), 314 U. S. 1, 8, 9, 62 S. Ct. 43, 86 L. Ed. 3.

stitutional burden on the Federal Government, or that it violates the Fourteenth Amendment in any respect. Courts are not empowered to rewrite tax laws, and the fact that the Federal excise statutes may put a financial burden on the producer or manufacturer instead of placing the tax on the buyer with the producer or manufacturer a collecting agent for the Federal Government, does not give us the right to exempt the producer or manufacturer from the provisions of the Gross Income Tax Act. We must enforce the tax laws as we find them so long as they violate no provision of the Federal or State Constitutions. The wisdom, fairness, or equity of the tax laws here involved are for the respective legislative departments. We find no error in this record, and the judgment should be affirmed.

Judgment affirmed.

Bobbitt, Landis, Achor and Arterburn, JJ., concur.

NOTE.—Reported in 149 N. E. 2d 115.