(Nos. 34247-48-49-50-51-52 Cons.—
FISCHMAN & SONS, INC., *et al.*, Appellants, *vs.* THE DE-
PARTMENT OF REVENUE OF THE STATE OF ILLINOIS,
Appellee.

*Opinion filed November 20, 1957.*

MICHAEL M. PHILLIPS, of Chicago, for appellants.

LATHAM CASTLE, Attorney General, of Springfield,
(WILLIAM C. WINES, RAYMOND S. SARNOW, and A. ZOLA
GROVES, of counsel,) for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

The six causes consolidated for the purposes of this
appeal present the single question of whether persons en-
gaged in the occupation of selling package liquor goods at
retail may deduct from their gross receipts, by which their
liability for retailers' occupation tax is measured, the value
of Federal and State liquor revenue stamps attached to each

bottle they sell. The Illinois Department of Revenue found that such deductions were not proper and, upon administrative review, its finding was sustained by the circuit court of Cook County. This direct appeal, involving the revenue, has followed.

Numerous decisions of this court establish that the retailers' occupation tax is laid upon the privilege of engaging in the business of selling personal property at retail to purchasers for use or consumption, (*Reif* v. *Barrett,* 355 Ill. 104; *Franklin County Coal Co.* v. *Ames,* 359 Ill. 178; *People's Drug Shop, Inc.* v. *Moysey,* 384 Ill. 283,) while the Retailers' Occupation Tax Act itself ordains that the tax shall be imposed upon the gross receipts from such sales of tangible personal property. Adverting to these authorities the appellants urge, first, that their occupation is that of selling liquor, not revenue stamps, and, second, that the stamps are intangibles which are not sold for gain, or by choice. Accordingly they conclude that the occupation of selling revenue stamps which has been thrust upon them is not taxable, and that the proceeds realized from the sale of such stamps are not a part of the proceeds realized from the sale of tangible personal property.

There is in appellants' novel position the assumption of a fact which does not exist, namely, that one who sells package liquor at retail is selling to the purchaser at the same time, either directly or indirectly, the Federal and State revenue stamps affixed to each bottle. The corollary of such assumption is, of course, that one purchasing a bottle of liquor from a retail dealer must, of necessity, also buy the tax stamps on the bottle. Neither the purpose nor the scheme of the taxes in question support such a theory. Subchapter A of chapter 26 of the Internal Revenue Code of 1939, as amended, (26 U.S.C.A. secs. 2800-2916,) reveals that the Federal tax is, generally speaking, levied upon the distillers of liquor, that such tax is "paid by stamp," (sec. 2800(A),) and that the presence of a Federal

stamp on a liquor container "evidences payment of all internal-revenue taxes imposed on such spirits." (Sec. 2803(a).) The Illinois tax, on the other hand, is "imposed upon the privilege of engaging in business as a manufacturer or as an importing distributor," (Ill. Rev. Stat. 1955, chap. 43, par. 158,) and our statute provides that payment of such tax "shall be evidenced by tax stamps to be affixed to each original package of alcoholic liquor." (Ill. Rev. Stat. 1955, chap. 43, par. 159.) It is to be seen from these provisions that the taxes evidenced by the revenue stamps are paid before the products ever reach the retail dealer, and that there is no intention or direction that the taxes must be borne in turn by the retailer and the consumer. Thus as the revenue stamps come to the retailer, affixed to liquor containers, they are mere indicia that the taxes imposed upon the privilege of distilling and distributing liquor have been paid. Being merely indicia they are economically worthless once affixed to a container and have no market value whatever to the retailer, to the purchaser at retail, or to anyone. There is no basis, therefore, to say that any part of the occupation of selling package liquor goods at retail embraces either the sale or purchase of revenue stamps. Indeed such a theory is expressly refuted by the Federal and State regulations which, respectively, permit the sale of liquor revenue stamps only by the Collectors of Internal Revenue and by the Department of Revenue, and which limit purchasers to those intending to put distilled spirits in containers in the case of the Federal regulation, and to duly licensed manufacturers or importing distributors in the case of the State regulation. See: 26 U.S.C.A. sec. 2803(b) ; Ill. Rev. Stat. 1955, chap. 43, par. 161.

While it is true that both Federal and State laws require liquor containers to bear revenue stamps before their subsequent sale at retail and possession is lawful, such requirement, doubtless aimed at enforcing the taxes against distillers and distributors, affords no support to appellants'

position. The scheme of levying taxes against distillers and distributors and the device of evidencing payment of those taxes by stamps, without which their products may not lawfully be put on the retail market, does not admit to a congressional or legislative intention that the retailer and his customers must purchase the revenue stamps in order to make their sale and possession lawful. Clearly, therefore, one who sells package liquor at retail does not become, either voluntarily or involuntarily, a purveyor of the revenue stamps attached to his merchandise. He sells, rather, only what his customer buys and that is a bottle of liquor. Such an occupation is taxable under the Retailers' Occupation Tax Act.

Nor is our conclusion altered by appellants' argument that they collect the tax for the government because the distillers and distributors price their products in such a way that the burden of the taxes is put upon the retailer, who in turn passes it on to the consumer. Appellants have voluntarily chosen to engage in an occupation which deals with the sale at retail of a product upon which other taxes have been imposed and collected. To say that the appellants are collecting such prior taxes because of the trade custom of fixing prices to include the tax burden is pure fiction, for the fact remains that the taxes are expressly levied only against the distillers and distributors and have been paid to the respective governments before the product ever reaches the retailer. If appellants' argument were carried to its logical conclusion we would have to hold that unemployment contributions, import duties, property taxes, and other compulsory taxes which reflect in the price at which a product reaches the retail market, would be proper deductions from the gross receipts of the sale at retail.

We conclude that appellants' occupation embraces neither the sale of revenue stamps nor the collection of the tax they evidence. Accordingly, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*