27012. BLACKMON v. COASTAL SERVICE, INC.

UNDERCOFLER, Justice. We granted the writ of certiorari in this case to review the judgment of the Court of Appeals (125 Ga. App. 28 (186 SE2d 441)), on the question of whether the State cigarette tax imposed by Ga. L. 1955, p. 268 as amended (*Code Ann.* § 92-2201 et seq.) is an element of the "cost of the property sold" and is, therefore, included in "gross sales" and "sales price" upon which the sales and use tax is calculated.

We have carefully reviewed the opinion of the Court of Appeals on the question and after further consideration concluded that its judgment is correct, and it is unnecessary to add any further reasons than those set out in the opinion of the Court of Appeals.

*Judgment affirmed. All the Justices concur, except Hawes and Gunter, JJ., who dissent.*

472

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Richard L. Chambers, Timothy J. Sweeney, Assistant Attorneys General,* for appellant.

*William T. Gerard,* for appellee.

*Alston, Miller & Gaines, Oscar N. Persons, Heyman & Sizemore, William H. Major, Ralph G. McCallum, Jr., Louis C. Parker, III,* amicus curiae.

GUNTER, Justice, dissenting. I am in disagreement with the decision and judgment of the Court of Appeals (125 Ga. App. 28), and I would reverse.

In 1967 the General Assembly of Georgia amended the Tobacco Tax Act as it had previously existed, the preceding amendment thereto having been enacted in 1964 (Ga. L. 1964, p. 50). The caption of the 1967 amendment provided, in part, as follows: "So as to provide additional definitions; to provide that the tax imposed shall be advanced *and paid* upon the *first* taxable transaction; to provide who shall advance and pay such tax; to provide that such tax may be recovered from the ultimate consumer or purchaser; . . ."

The body of the Act followed the caption by defining "first taxable transaction" as the first sale, receipt, purchase, possession, consumption, handling, distribution, or use of cigars or cigarettes within the State.

The body of the 1967 Act also specifically repealed subsections (a) and (e) of Sec. 3 of the Act as it had formerly existed, and these two subsections, which had been enacted by the 1964 amendment, had placed the tobacco excise tax on the ultimate consumer. Since these two subsections were specifically repealed, it is clear to me that it was the intention of the General Assembly to remove the tobacco excise tax from the ultimate consumer provided there was a "first taxable transaction" as defined above prior to the tobacco products coming into the hands of the

ultimate consumer. If there was no "first taxable transaction" prior to the tobacco products coming into the hands of the ultimate consumer, then I concede that the General Assembly intended for the ultimate consumer to pay the tobacco tax.

After repealing those two subsections, the 1967 amendment enacted a new subsection reading as follows: "(a) An excise tax, in addition to all other taxes of every kind imposed by law, is imposed upon the sale, *receipt,* purchase, possession, consumption, handling, distribution or use of cigars and cigarettes in this State."

I therefore conclude that the 1967 amendment provided that the first "happening" that required the payment of the tax was the first *receipt* and *possession* of the tobacco products in this State. That means to me that the first party receiving the tobacco products in this State from the manufacturer was liable to the State for the excise tax, and the excise tax was added to and became a part of the cost of the tobacco products for the purpose of re-sale by the party first receiving the products from the manufacturer.

The 1967 amendment also added a new subsection (f) to Sec. 3 of the Act reading as follows: "(f) The amount of taxes advanced and paid to the State aforesaid shall be added to and collected as a part of the sales price of the cigars or cigarettes sold or distributed, which amount shall be stated separately from the price of the cigars or cigarettes."

The purpose and the result of the 1967 amendment are clear to me: It required the tobacco products distributor to pay the excise tax due upon receipt and possession of the tobacco products, and although the excise tax could be passed along to the retail vendor and in turn by him to the ultimate purchaser or consumer, the excise tax was a part of the "sales price" so as to be included for the purposes of computing sales tax.

I would reverse the judgment of the Court of Appeals. I respectfully dissent. I am authorized to state that Justice Hawes joins me in this dissent.