127 N.J. Super. 240 (1974)
317 A.2d 80
JERRY M. FERRARA, PETITIONER-APPELLANT,
v.
DIRECTOR, DIVISION OF TAXATION, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 12, 1973.
Decided March 5, 1974.
*243 Before Judges HANDLER, MEANOR and KOLE.
Mr. Frank J. Glock argued the cause for appellant (Messrs. Ferrara and Glock, attorneys).
Mr. Michael E. Goldman, Deputy Attorney General, argued the cause for respondent (Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney).
The opinion of the court was delivered by KOLE, J.S.C., Temporarily Assigned.
Appellant individually owns and operates a retail gasoline station. He challenges on this appeal a judgment by the Division of Tax Appeals based on a determination that the federal and state excise taxes on gasoline must be included in the computation of gross receipts for the purposes of the Unincorporated Business Tax Act, N.J.S.A. 54:11B-1 et seq.
That statute, enacted in 1966, imposes a tax on gross receipts. When it was passed there already existed a federal excise tax on gasoline sold by the producer or importer thereof (Internal Revenue Code of 1954, 26 U.S.C.A. § 4081), and a state statute imposing a motor fuel tax on gasoline sold or used by a distributor in the State (N.J.S.A. 54:39-27). Both of these taxes will be sometimes referred to as gasoline taxes.
Appellant filed his Unincorporated Business Tax return for the year 1967 in which he deducted, as "receipts not subject to tax," the motor fuel tax imposed by the State and the excise tax imposed on the sale of gasoline by the Federal Government. The deduction was disallowed by the Division of Taxation and, as indicated, by the Division of Tax Appeals.
The federal and state gasoline taxes are collected by the distributor or producer of the gasoline from the retail dealer by means of a billing invoice whereby the amount of the tax is listed separately from the actual price of the motor fuel itself. The amount of these taxes is collected by the retailer *244 from the consumer. The retailer remits it to the distributor or producer, which pays it to the appropriate state or federal authority.
The New Jersey Unincorporated Business Tax Act imposes
* * * upon every individual or other unincorporated entity engaged in an unincorporated business an annual excise tax, measured by the gross receipts of such unincorporated business, and allocated to the State as hereinafter provided at the rate of 1/4 of 1%. [N.J.S.A. 54:11B-3]
"Gross receipts" is defined to "mean and include all receipts, of whatever kind and in whatever form, derived by an unincorporated business, without any deduction therefrom on account of any item of cost, expense or loss, except that gross receipts shall not include the sales price of property returned by customers to the extent that the sales price thereof is refunded either in cash or by credit." N.J.S.A. 54:11B-2(b), emphasis added.
If the state and federal gasoline taxes are imposed on the producer or distributor and thus merely constitute an element of its cost passed down to the retailer and finally to the consumer in the form of a higher retail selling price, then these taxes are an "item of cost" or "expense" that must be included within appellant's "gross receipts" under the act. On the other hand, if, as appellant contends, the gasoline taxes are not part of the cost of production or distribution but, rather, taxes imposed on the consumer at the time of the retail sale, then the producer, distributor and retailer would be, in effect, agents of the taxing government, charged with the responsibility of collecting the consumer taxes. In that event the dollar increase for gasoline at retail caused by the imposition of the taxes would not be an "item of cost" or "expense"; it would be money collected by the retailer not as part of the retail selling price but rather as a separate fund to be passed along through the marketing chain to the government. It would thus not be includible in the retailer's *245 gross receipts for the purposes of the Unincorporated Business Tax.
The resolution of the issue of whether the gasoline taxes are merely elements of the cost of production or distribution, or separate charges arising only at the retail sale, involves a determination of the time at which and upon whom in the marketing chain the gasoline taxes are imposed, rather than who eventually bears the economic burden. See Dow Jones & Co. v. United States, 128 F. Supp. 748, 130 Ct. Cl. 696 (Ct. Claims 1955); Lash's Products Co. v. United States, 278 U.S. 175, 176, 49 S.Ct. 100, 73 L.Ed. 251 (1929); Agron v. Illinois Bell Telephone Co., 449 F.2d 906, 913 (7 Cir.1971). As stated in Blackmon v. Coastal Service, Inc., 125 Ga. App. 28, 186 S.E.2d 441 (1971), aff'd 229 Ga. 471, 192 S.E.2d 372 (1972):
In determining the point at which any such tax falls, primary consideration must be given to the applicable taxing statutes * * *. [186 S.E.2d 442]
See also, 68 Am. Jur.2d, Sales and Use Taxes, § 131.

1. The Federal Gasoline Tax

The federal excise tax on gasoline provides as follows:
There is hereby imposed on gasoline sold by the producer or importer thereof, or by any producer of gasoline, a tax of 4 cents a gallon. [26 U.S.C.A. § 4081]
The term "producer" is defined in § 4082 of the federal act to include wholesale distributors, and §§ 48.4081-1(C) and 48.4101-1 of the Treasury regulations provide that the liability to pay the tax is on the producer who makes the sale.
It is true, as appellant contends, that the revenue raised by the federal tax does not go into the general treasury of the Federal Government but instead is directed to a highway trust fund. In this connection there have been statements by Congress describing the tax as a "user tax" which serves to assess highway users for the costs thereof. Report *246 of the House Ways and Means Committee on H.R. 8371, 89th Cong. 1st Sess. (1965), 1965 U.S. Code Cong. and Adm. News pp. 1658-1659. However, the mere fact that it may be universally recognized that the ultimate economic burden of a tax is passed on to the consumer does not determine the legal incidence of the tax. Traditionally, the economic burden of all taxes, like costs in general, is passed down to the consumer level. Tax Review Board v. Esso Standard Div., etc., 424 Pa. 355, 227 A.2d 657 (Sup. Ct. 1967), cert. den. 389 U.S. 824, 88 S.Ct. 63, 19 L.Ed.2d 79 (1967); State v. Thoni Oil, etc., Gas Stations, Inc., 121 Ga. App. 454, 174 S.E.2d 224 (App. Ct. 1969) aff'd 226 Ga. 883, 178 S.E.2d 173 (1970); Martin Oil Service, Inc. v. Dept. of Revenue, 49 Ill.2d 260, 273 N.E. 2d 823 (Sup. Ct. 1971), cert. den. 405 U.S. 923, 92 S.Ct. 961, 30 L.Ed.2d 794 (1972); Sun Oil Co. v. Gross Income Tax Div., 238 Ind. 111, 149 N.E.2d 115 (Sup. Ct. 1958).
Similarly, the use by a producer or distributor of a billing invoice wherein the federal tax is separately listed cannot affect its true legal incidence. Tax Review Board v. Esso Standard Div., etc., supra; Pure Oil Co. v. State, 244 Ala. 258, 12 So.2d 861, 863 (Sup. Ct. 1943); People v. Werner, 364 Ill. 594, 5 N.E.2d 238, 240 (Sup. Ct. 1936).
However, it has been held that the word "sold" in 26 U.S.C.A. § 4081, and the provisions of the Internal Revenue Code permitting refunds to gasoline purchasers if the gasoline is used on a farm or for other nonhighway purposes,[1] are evidence of a Congressional intent that the gasoline tax be considered a sales tax imposed on the consumer at the moment of retail sale with the producer or distributor acting merely as government tax collectors. Tax Review Board v. Esso Standard Div., etc., supra. We do not subscribe to that view.
*247 Nowhere in the federal statute is there any evidence that the tax arises only upon a consumer sale. Rather, the statute indicates that the taxable event is any sale by the "producer," as that term is defined. The liability for payment of the tax is on the producer or distributor who makes the sale. If it fails to remit payment, the Federal Government does not have the option of proceeding directly against the purchaser-consumer. The government may seek to collect the tax only from the producer or distributor. We find this determinative and hold that the legal incidence of the federal gasoline tax is on the producer, as defined in 26 U.S.C.A. § 4082. The tax arises and the taxable event occurs whenever the producer or distributor makes a sale, whether that be to a retail dealer or consumer. State v. Thoni Oil, etc., Gas Stations, Inc., supra; Martin Oil Service, Inc. v. Dept. of Revenue, supra; Sun Oil Co. v. Gross Income Tax Div., 238 Ind. 111, 149 N.E.2d 115 (Sup. Ct. 1958).[2]
Moreover, the refund provisions of the federal statute referred to above do not compel a contrary conclusion. As was stated in Martin Oil Service, Inc., v. Dept. of Revenue, supra:
We consider that these payments by the Federal government are not refunds in the technical sense but rather allowances to certain consumer-purchasers based on a recognition that the economic burden of the gasoline tax falls on the ultimate consumer. The gasoline tax proceeds are used to provide Federal finances for highway support. There was an obvious inequity in requiring farmers and others using gasoline for off-highway uses to assume the same burden as consumers whose use of the gasoline required use of the highways. The Congress for this reason provided for these payments. [273 N.E.2d at 827; emphasis added]

2. The New Jersey Motor Fuel Tax

N.J.S.A. 54:39-27 provided for the tax year here involved:
*248 Every distributor shall * * * render a report to the commissioner * * * stating the number of gallons of fuel sold or used in this State by him * * *. A tax of $0.06 per gallon on each gallon so reported shall be paid by each distributor * * *. If any distributor shall fail, neglect or refuse to file the report within the time prescribed by this section, the commissioner shall * * * estimate the sales, distribution and use of said distributor, assessing the tax thereon, adding to said tax a penalty of 20% thereof for failure, neglect or refusal to report, and such estimate shall be prima facie evidence of the true amount of tax due to the commissioner from such distributor * * *. [Emphasis added][3]
The term "distributor" is defined in N.J.S.A. 54:39-3 to include producers.[4]
There is nothing in the state gasoline tax statute to suggest that the legal incidence of the tax is on the consumer. To the contrary, on its face it is clear that the liability for payment of the tax rests on the distributor.[5] The taxable event is any sale or use by a distributor; nowhere is the word "consumer" employed in the statute. It would be inconsistent to say that the legal incidence is on the consumer, but at the same time to say that he is not liable for the tax. Martin Oil Service, Inc. v. Dept. of Revenue, supra.
*249 Appellant contends that the requirement that distributors list separately the state gasoline tax in a written statement delivered to their purchasers, N.J.S.A. 54:39-25, the use of the proceeds of the state tax primarily for improvement of transportation facilities, N.J.S.A. 54:39-71 through 75, and the provisions for refunds of the state gasoline tax to certain consumer-purchasers, N.J.S.A. 54:39-66, all indicate a legislative intention that the tax is imposed on the consumer or user of the highways. As with the federal tax we find these arguments unpersuasive. These statutory provisions reflect nothing more than a legislative awareness that suppliers of gasoline can be expected to pass their tax costs down to the retailer, and subsequently the economic burden will be imposed on the consumer and certain users of transportation facilities in the form of a higher retail price. Whether a tax is passed on to the consumer is immaterial in determining the liability for the tax or on whom it is actually imposed. See e.g., Sun Oil Co. v. Gross Income Tax Div., supra.
Thus, we hold that the wording of N.J.S.A. 54:39-27 compels the conclusion that the legal incidence of the state gasoline tax is on the distributor, as defined in the New Jersey Motor Fuel Tax Act. Apart from the statutory language, it is also significant that in the statement attached to the 1950 amendment of the Motor Fuel Tax Act, L. 1950, c. 144, distributors were referred to as those "who are the taxpayers under the law."
Had the Legislature intended to impose the tax on the consumer, it could have done so plainly, as it did in the New Jersey Sales and Use Tax Act, N.J.S.A. 54:32B-1 et seq. That statute clearly indicates that the legal incidence of, and primary liability for, the tax is on the consumer or user, and the retailer or seller is liable therefor as a collecting agent or trustee for the State. The State may collect from or sue the customer, as well as the retailer or seller, for the tax, and the retailer or seller may also sue the customer to *250 collect the tax, provided the Director is made a party. N.J.S.A. 54:32B-6, 12, 14 and 22.[6]
Appellant also contends that in view of the size of both gasoline taxes in relation to the wholesale price of gasoline, it would be unconscionable to require their inclusion as part of gross receipts under the Unincorporated Business Tax Act. That argument is addressed to the wisdom of the Legislation and is not a proper subject for judicial concern. A. & B. Auto Stores of Jones St., Inc. v. Newark, 59 N.J. 5, 19 (1971); Burton v. Sills, 53 N.J. 86, 95 (1968), app. dism., 394 U.S. 812, 89 S.Ct. 1486, 22 L.Ed.2d 748 (1969); Thomas v. Kingsley, 43 N.J. 524, 530 (1965).
Appellant further claims that N.J.S.A. 56:6-2.3 of the Unfair Motor Fuel Practice Act, requiring that the retailer post a unit price separately stating the state and federal gasoline taxes, respectively, evidences an intent that such taxes constitute a tax on the consumer. We do not agree. The purpose of that provision and the statute of which it is a part bears no relationship to the gasoline tax statutes or the Unincorporated Business Tax Act. It was designed to control the practice of deceiving the public with respect to the price charged for gasoline and to prevent unfair practices, including price wars, in the retail sale of motor fuels. Fried v. Kervick, 34 N.J. 68 (1961).
Nor is it significant, as appellant suggests, that state gasoline taxes are deductible by the consumer for federal income tax purposes. The treatment of these taxes under the federal Income Tax Act is not relevant to a determination of their actual legal incidence under, and the intent of, any of the statutes here involved.
*251 In State v. Thoni Oil, etc., Gas Stations, Inc., supra, the court found a state motor fuel tax to be imposed on consumers and thus not includible in a calculation of gross proceeds. However, the Georgia statute shows marked differences from that of this State. Although it provides that a per gallon tax is "imposed on all distributors," the Georgia statute also states that it was the intention of the legislature that the consumer bear the tax burden, and it prohibits sellers of motor fuel from absorbing the tax themselves. Moreover, the Georgia statute declares that the gasoline tax is to be "added to the sales price" and that the taxes shall be a debt from the consumer to the distributor. See also, American Oil Co. v. Mahin, 49 Ill.2d 199, 273 N.E. 2d 818 (Sup. Ct. 1971). In contrast, there is no New Jersey statutory requirement that the tax be passed down to the consumer level.
In view of the foregoing, the determination by the Division of Tax Appeals that appellant was required to include the federal and state taxes on gasoline in his gross receipts and its judgment are affirmed.
NOTES
[1] 26 U.S.C.A. § 6420(a) provides for a full refund if the gasoline has been used on a farm for farming purposes. 26 U.S.C.A. § 6421(a) permits a partial refund if the gasoline has been used for other nonhighway purposes, and 26 U.S.C.A. § 6421(b) provides for a partial refund to local transit systems.
[2] Support for our conclusion is found in a report of the U.S. Senate Committee on Finance, which stated that the federal gasoline tax is imposed on the "producer, importer or wholesale distributor of the gasoline and is payable shortly after he makes its sale." 1961 U.S. Code Cong. and Adm. News p. 1830.
[3] This section was subsequently amended to include gasoline jobbers and to increase the tax rate. L. 1968, c. 111, § 1; L. 1968, c. 420, § 10; L. 1972, c. 26, § 1.
[4] Although the federal statute, 26 U.S.C.A. § 4081, employs the term "producer," and N.J.S.A. 54:39-27 uses the word "distributor," the state and federal statutes each define the one to include the other. In addition, a tax on gasoline will be includible in a retailer's gross receipts so long as it is imposed at any point in the marketing chain prior to the consumer sale. Thus, for the purposes of this appeal the fact that the state and federal statutes use these different terms is of no significance.
[5] In this connection note the provisions of N.J.S.A. 54:39-18 requiring distributors to file a bond with the commissioner conditioned upon "the payment of all taxes, penalties, and other obligations of such person arising out of this chapter."
[6] The Sales and Use Tax Act permits the Director of Taxation in his discretion, where necessary to protect revenues under that act, to require any person who must collect the tax to file a bond to secure payment of the tax, penalties or interest. N.J.S.A. 54:32B-18. The Motor Fuel Tax Act, on the other hand, requires distributors to file such a bond with respect to taxes thereunder. See fn. 5, supra.